UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY TOYS HOLDINGS, LLC,

                Plaintiff,

                -against-

PEARLBUY LIMITED *d/b/a* www.allyolike.com, *d/b/a* www.brigoit.com, *d/b/a* www.forttry.com, *d/b/a* www.glitteruse.com, *d/b/a* www.homelikee.com, *d/b/a* www.joyomeday.com, *d/b/a* www.joytofun.com, *d/b/a* www.likelyou.com, *d/b/a* www.luckyfou.com, *d/b/a* www.onniy.com, *d/b/a* www.pearlgobuy.com, *d/b/a* www.pierrebuy.com, *d/b/a* www.preclio.com, *d/b/a* www.realyouu.com, *d/b/a* www.shoproweb.com, *d/b/a* www.startryy.com, *d/b/a* www.superbeaut.com; PEARLGO TECHOLOGY CO., LIMITED *d/b/a* www.allyolike.com, *d/b/a* www.brigoit.com, *d/b/a* www.forttry.com, *d/b/a* www.furlola.com, *d/b/a* www.glitteruse.com, *d/b/a* www.greatstylle.com, *d/b/a* www.homelikee.com, *d/b/a* www.joyomeday.com, *d/b/a* www.joytofun.com, *d/b/a* www.likelyou.com, *d/b/a* www.lookahoney.com, *d/b/a* www.lookahoney.com, *d/b/a* www.luckyfou.com, *d/b/a* www.onniy.com, *d/b/a* www.preclio.com, *d/b/a* www.realyouu.com, *d/b/a* www.shoproweb.com, *d/b/a* www.startryy.com, *d/b/a* www.superbeaut.com; and GUANGZHOU PEARLGO TECHNOLOGY CO., LIMITED *d/b/a* www.allyolike.com, *d/b/a* www.brigoit.com, *d/b/a* www.forttry.com, *d/b/a* www.furlola.com, *d/b/a* www.glitteruse.com, *d/b/a* www.greatstylle.com, *d/b/a* www.homelikee.com, *d/b/a* www.joyomeday.com, *d/b/a* www.joytofun.com, *d/b/a* www.likelyou.com, *d/b/a* www.lookahoney.com, *d/b/a* www.luckyfou.com, *d/b/a* www.onniy.com, *d/b/a* www.pearlgobuy.com, *d/b/a* www.pierrebuy.com, *d/b/a* www.preclio.com, *d/b/a* www.realyouu.com, *d/b/a* www.shoproweb.com, *d/b/a* www.startryy.com, *d/b/a* www.superbeaut.com

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   7/7/2021

21-cv-3084 (MKV)

OPINION & ORDER
GRANTING
PRELIMINARY
INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Kelly Toys Holdings, LLC ("Kelly Toys") brings this action against Defendants Pearlbuy Limited, Pearlgo Technology Co., Limited, and Guangzhou Pearlgo Technology Co., Limited, three Chinese companies that Plaintiff suspects have some relationship to one another, asserting federal, state, and common law claims for trademark infringement, false designation of origin, and unfair competition [ECF #5]. The Court issued a temporary restraining order and directed Defendants to show cause why a preliminary injunction should not issue [ECF #14]. After Defendants failed to oppose the preliminary injunction or otherwise appear in this action, the Court extended the temporary restraining order and granted Defendants another opportunity to appear and oppose the preliminary injunction [ECF #17]. The Court also directed Kelly Toys to supplement the record in support of its application for a preliminary injunction, which Kelly Toys has now done [ECF #18–21]. To date, Defendants have not appeared. For the reasons set forth below, Kelly Toys' motion for a preliminary injunction is GRANTED.

## I. BACKGROUND

Plaintiff Kelly Toys Holdings, LLC ("Kelly Toys") makes and sells plush toys, including its Squishmallows Products [ECF #11 ("Kelly Decl.") ¶ 3]. Squishmallows are a line of popular stuffed plush toys with distinctive names and appearances. *See* Kelly Decl. ¶¶ 5–8 & n.2. Kelly Toys owns several federal trademark registrations and numerous registered copyrights in and related to its Squishmallows [ECF #5-3; 11-2, 11-3]. *See* Kelly Decl. ¶¶ 10–14.

Kelly Toys initiated this action by filing a sealed complaint [ECF #5 ("Cmpl.")] and an *ex parte* application for a temporary restraining order and preliminary injunction against Defendants Pearlbuy Limited, Pearlgo Technology Co., Limited, and Guangzhou Pearlgo Technology Co., Limited [ECF #10, 11, 12, 13]. Kelly Toys alleged that Defendants are located in China and own and operate various websites that sell counterfeit Squishmallows. Cmpl. ¶ 10. It further alleged

that certain "Third Party Service Providers," including the Chinese companies doing business as "Shoplazza" and "Algobuy," and payment platforms, including the U.S. company PayPal, were facilitating the allegedly infringing transactions. *Id*. ¶¶ 10, 29, 30; Kelly Decl. ¶¶ 21–23 [ECF #10 ("Drangel Decl."), 12, 13].

Kelly Toys sought a temporary restraining order and requested that the Court authorize it to effectuate service via email only on all of the entities involved [ECF #13]. The Court issued a somewhat narrower temporary restraining order than was requested and directed Kelly Toys to proceed with regular service, in addition to service via email [ECF #14; *see also* ECF #15, 16]. The Court later extended the temporary restraining order, *inter alia*, to allow Kelly Toys more time to effectuate service and extended the deadline for Defendants to oppose the motion for a preliminary injunction [ECF #15, 16]. Defendants did not file an opposition or otherwise appear by the extended deadline.

The Court held a hearing on Kelly Toys' motion for a preliminary injunction on May 3, 2021. Defendants did not appear, but Plaintiff's counsel represented that she had received a communication from someone holding himself out as defense counsel. After the hearing, the Court extended the temporary restraining order, further extended the deadline for Defendants to oppose the preliminary injunction, and scheduled a further hearing for May 28, 2021 [ECF #17]. The Court also directed Kelly Toys to file a further submission in support of its motion for a preliminary injunction. In particular, the Court directed Kelly Toys to supplement the record with respect to (1) its efforts to effectuate regular service, (2) its efforts to communicate with defense counsel, and (3) whether the exercise of personal jurisdiction comports with due process.

Kelly Toys has filed several submissions in further support of its motion for a preliminary injunction, including certificates of service [ECF #18, 19, 20, 21]. It also represents that it has

been in regular contact with defense counsel since the May 3, 2021 hearing. Defense counsel, however, has not filed a notice of appearance, nor any opposition to the motion for a preliminary injunction. Base on its careful review of the record, the Court issued an Order, dated May 27, 2021, granting the motion for a preliminary injunction [ECF #22]. This opinion explains the justification for the preliminary injunction.

## II. LEGAL STANDARD

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the injunction; (3) that the balance of hardships tips in the movant's favor; and (4) that the public interest is not disserved by the issuance of the injunction. *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010).

## III. DISCUSSION

As a threshold matter, the Court is satisfied, based on the uncontested representations of Plaintiff's counsel, that Kelly Toys has made a *prima facie* showing of personal jurisdiction over Defendants. Kelly Toys offers evidence that Defendants have shipped counterfeit products to New York on numerous occasions, including but not limited to a number of "test purchases" made by Plaintiff's counsel [ECF #19 ¶¶ 21, 22, 23]. Moreover, Kelly Toys has now filed certificates of service on Defendants [ECF #20, 21]. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (explaining that a plaintiff must effectuate valid service of process before the district court can exercise personal jurisdiction over a defendant). For substantially the reasons set forth in Kelly Toys' papers [ECF #12 at 3–5; 18 at 3–11; 19 ¶¶ 19–23], the Court concludes that Defendants are subject to personal jurisdiction under Section 302(a)(1) of New York's long-arm statute and that the Court's exercise of personal jurisdiction

comports with due process. *See* N.Y. C.P.L.R. § 302(a)(1); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164–167 (2d Cir. 2010).

The Court also concludes that, based on its uncontested representations, Kelly Toys has met the standard for a preliminary injunction. In particular, Kelly Toys has clearly shown a likelihood of success on the merits of its Lanham Act claim [ECF #11, 11-2, 12]. *See Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 102 (2d Cir. 2010); *Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930 F. Supp. 2d 489, 499 (S.D.N.Y. 2013) (describing factors enumerated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961)). The Court does not presume irreparable harm. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 393 (2006). However, the likelihood of confusion that exists here, and the attendant loss of control over the reputation of Kelly Toys' products, weigh decisively in favor of finding a likelihood of irreparable harm. *See Marks Org., Inc. v. Joles*, 784 F.Supp.2d 322, 330 (S.D.N.Y. 2011). For substantially the reasons set forth in Kelly Toys' papers, the Court also finds that the balance of hardships tips in favor of Kelly Toys and that the public's interest is not disserved by issuing a preliminary injunction. *See Salinger v. Colting*, 607 F.3d 68, 81, 82 (2d Cir. 2010).

Accordingly, IT IS HEREBY ORDERED that Defendants are preliminarily restrained and enjoined from manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, or otherwise dealing in the allegedly infringing products, including products bearing the Squishmallows marks and products that are confusingly similar to the distinctive Squishmallows plush toys.

IT IS FURTHER ORDERED that the Third Party Service Providers identified in Kelly Toys' papers are preliminarily restrained and enjoined from facilitating sales of Defendants' allegedly infringing products.

5

IT IS FURTHER ORDERED that defense counsel shall file a notice of appearance by July 21, 2021.  Failure to comply with this deadline may result in sanctions, including monetary sanctions, preclusion of claims and defenses, and entry of a default judgment.

**SO ORDERED.**

Date:  July 7, 2021
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**